61 F.3d 912
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert B. REICH, Secretary, of Labor; United States
Department of Labor, Plaintiffs-Appellees,
v.
LOCAL 803 UNITED BROTHERHOOD OF CARPENTERS & JOINERS OF
AMERICA, AFL-CIO, Defendant-Appellant.
 No. 93-56701.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 8, 1995.
Decided July 18, 1995.
 
 1
 Appeal from the United States District Court for the Central District of California, No. CV-93-01943-ER; Edward Rafeedie, District Judge, Presiding.
 
 
 2
 C.D.Cal.
 
 
 3
 REVERSED.
 
 
 4
 Before: HALL and LEAVY, Circuit Judges, and LEVI,* District Judge.
 
 
 5
 MEMORANDUM**
 
 
 6
 Local 803, United Brotherhood of Carpenters and Joiners of America, AFL-CIO ("Local 803"), appeals the district court's order of a new election of officers. The district court ordered a new election concluding that the Local had: 1) violated Sec. 401(c) of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. Sec. 481(c) by failing to provide a sufficient time for campaigning prior to the election,[1] and 2) violated Sec. 401(e) of the LMRDA, 29 U.S.C. Sec. 481(e), by failing to notify every Local member of the nominations and election.[2] We reverse the judgment of the district court and the order of a new election.
 
 
 7
 The district court found that the Local did not provide sufficient time for campaigning and violated Sec. 481(c) primarily because the Local chose to hold the nominations and election on the same night. The court determined that this combined nominations-election did not provide a sufficient period for campaigning based on its further factual findings that the members of the recently chartered Local were unfamiliar with one another, and that the work hours of Local members were inconsistent with the hours chosen for the combined nominations-election.
 
 
 8
 Nominations and election on the same night are permitted by regulation, 29 C.F.R. Sec. 452.65,[3] and nothing in the record supports the findings of the district court that Local 803 members were unfamiliar with one another or that the hours of the combined nominations-election were unreasonable.
 
 
 9
 The district court held that Local 803 violated Sec. 481(e) by failing to notify all members of Local 803 of the nominations and election. As long, however, as a union has made reasonable efforts to maintain an accurate mailing list and to contact its members of an upcoming election, the failure to notify every single member does not violate the LMRDA. See Reich v. District Lodge 720, 11 F.3d 1496, 1502 (9th Cir. 1993). We conclude that the record reveals that Local 803 made sufficiently reasonable efforts to maintain its mailing lists and contact Local 803 members. Absent any violation of the LMRDA in the mailing of notice, the district court erred in ordering a new election.[4]
 
 
 10
 The district court's order and judgment, as amended, is REVERSED.
 
 
 
 *
 The Honorable David F. Levi, United States District Judge for the Eastern District of California, sitting by designation
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except pursuant to 9th Cir. R. 36-3
 
 
 [1]
 Section 481(c) provides in relevant part: "Adequate safeguards to insure a safe election shall be provided ...."
 
 
 [2]
 Section 481(e) provides in relevant part: "Not less than fifteen days prior to the election, notice thereof shall be mailed to each member at his last known home address."
 
 
 [3]
 "The Act specifies no time interval between nominations and election. Thus, both may be scheduled to be held at the same meeting if, during a reasonable period prior to such nomination-election meeting, every member eligible to hold office who intends to run for office is afforded the protection provided in section 401(c), including sufficient opportunity to campaign for office."
 
 
 [4]
 29 U.S.C. Sec. 482(c) provides in relevant part: "If, upon a preponderance of the evidence after a trial upon the merits, the court finds ... (2) that the violation of section 481 of this title may have affected the outcome of an election, the court shall declare the election, if any, to be void and direct the conduct of a new election under supervision of the Secretary ...." (Emphasis added.)